# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2142
_____

Sheila Iverson, Jack W. Simmer,
Sheri L. Simmer, Daniel R. Wiedewitsch,
Colleen R. Wiedewitsch, Pamela Owens,
formerly known as Pamela Rhea McDuffie
Jenkins, Daniel D. Johannsen, Claudia
Nelimark, Arthur Peterson, Belinda N.
LeClair, Mark B. LeClair, Jeffrey Robert
Busch, and Leanne M. Block

*Plaintiffs - Appellants*

v.

Wells Fargo Bank, N.A., Mortgage Electronic
Registration Systems, Inc., MERSCORP, Inc.,
HSBC Bank USA, N.A., and Shapiro & Zielke, LLP

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 11, 2013
Filed: April 19, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Thirteen homeowners ("Homeowners") challenge the impending foreclosure of their home mortgages. We affirm the district court's[1] dismissal for failure to state a claim.

The Homeowners filed suit in Minnesota state court against Wells Fargo Bank, N.A., HSBC Bank USA, N.A., MERSCORP, Inc., Mortgage Electronic Registration Systems, Inc., and Shapiro & Zielke, LLP ("Shapiro & Zielke"). The Homeowners alleged that each defendant played a role in the invalid assignment of their home mortgages and improper initiation of non-judicial foreclosure proceedings. The defendants removed the case to federal court based on the purported fraudulent joinder of Shapiro & Zielke and then filed motions to dismiss all claims. The district court denied the Homeowners' motion to remand and granted the motions to dismiss.

"We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6), construing all reasonable inferences in favor of the nonmoving party." *Retro Television Network, Inc. v. Luken Comm'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012). We affirm the district court's decision to deny remand based on fraudulent joinder and to dismiss the claims against Shapiro & Zielke. *See Murphy v. Aurora Loan Servs., LLC*, 699 F.3d 1027, 1031-32 (8th Cir. 2012).

As to their claims against the remaining defendants, on appeal the Homeowners have abandoned all but a claim to quiet title under Minnesota Statute section 559.01. *See Murphy*, 699 F.3d at 1032 n.3; *Marksmeier v. Davie*, 622 F.3d 896, 902 n.4 (8th Cir. 2010). The vast majority of the bases for this claim are tied to the "show-me-the-note" theory, "which argues [that] the holder of legal title to a mortgage cannot

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

foreclose if he is unable to produce the underlying promissory note." *Murphy*, 699 F.3d at 1030. The Minnesota Supreme Court, as we have previously recognized, has denied the viability of this attempt to challenge a non-judicial foreclosure. *See id.* at 1030-31; *see also id.* at 1033 (affirming dismissal of portions of a quiet-title claim because the alleged defects in the defendants' ability to foreclose were "regurgitations of the 'show-me-the-note' theory"). The quiet-title claim in this case is a carbon copy of the quiet-title count in the *Murphy* plaintiffs' complaint. As in *Murphy*, "two of the quiet-title theories do not rely on the failure of the foreclosing party to produce the note," and accordingly they avoid the taint of the soundly rejected "show-me-the-note" theory.[2] *Id.* at 1033. Nonetheless, the district court properly dismissed these claims for "alleg[ing] mortgage invalidity on the basis of various assertions that are wholly unsupported by facts." In *Karnatcheva v. JPMorgan Chase Bank, N.A.*, this court held that identically worded claims were deficient under federal pleading standards because they were nothing more "than labels and conclusions, based on speculation." 704 F.3d 545, 548 (8th Cir. 2013). Accordingly, we affirm the district court's dismissal for failure to state a claim.

_____

[2]*See* Compl. ¶ 62(f) ("The Notices of Pendency, Powers of Attorney, and Mortgage Assignments were not executed by an authorized individual."), (g) ("The Assignments of Plaintiffs' Mortgages were invalid.").