# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2607

_____

Pamela Blaylock, formerly known as Pamela Urman,
and Ervin Blaylock, Jeffrey A. Anderson and Patricia Anderson,
John B. Nelson and Jody Nelson, Douglas Eugene Halver,
Mary Kay L. Ervin-Talbot, and Kang Xiong

*Plaintiffs - Appellants*

v.

Wells Fargo Bank, N.A., Mortgage Electronic
Registration Systems, Inc., MERSCORP, Inc.,
HSBC Bank USA, N.A., HSBC Mortgage Services,
Inc., and Federal National Mortgage Association

*Defendants - Appellees*

_____

No. 12-3230

_____

Pamela Blaylock, formerly known as Pamela Urman; Ervin Blaylock; Jeffrey A.
Anderson; Patricia Anderson; John B. Nelson; Jody Nelson; Douglas Eugene
Halver; Mary Kay L. Ervin-Talbot; Kang Xiong

*Plaintiffs - Appellants*

v.

Wells Fargo Bank, N.A.; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; HSBC Bank USA, N.A.; HSBC Mortgage Services, Inc.; Federal National Mortgage Association

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 11, 2013
Filed: April 19, 2013
[Unpublished]

_____

Before MURPHY, SMITH, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Nine homeowners ("Homeowners") filed suit against Wells Fargo Bank, N.A., HSBC Bank USA, N.A., HSBC Mortgage Services, Inc., Mortgages Electronic Registration Systems, Inc., MERSCORP, Inc., and Federal National Mortgage Association (collectively, "Lenders/Servicers"). The Homeowners challenged each defendant's ostensible role in the impending non-judicial foreclosure of their home mortgages. The district court[1] granted the Lenders/Servicers' motion to dismiss. We affirm.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

The Homeowners seek to quiet title to the mortgaged properties under Minnesota Statute section 559.01. The Homeowners pled this claim in terms identical to those employed by the plaintiffs in *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545 (8th Cir. 2013). In *Karnatcheva*, this court concluded that two of the bases for the plaintiffs' quiet-title claim were premised on the "show-me-the-note" theory, a discredited legal theory attempting to require foreclosing entities to produce the underlying promissory note corresponding to their legal title to the mortgage. *Id.* at 547. Although the *Karnatcheva* plaintiffs' remaining three theories for relief under section 559.01 did not rely on the "show-me-the-note" theory, this court dismissed them for falling short of federal pleading requirements. *Id.* at 548 ("We therefore affirm the district court's dismissal of the plaintiffs' three theories for quiet title . . . because the plaintiffs' pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid."). The Homeowners in this case have failed to distinguish the pleadings in their suit to quiet title from those of the plaintiffs in *Karnatcheva*, and accordingly we affirm the district court's dismissal for the same reasons.

The Homeowners filed three additional claims against the defendants but have waived these claims on appeal because their brief only presents arguments contesting the district court's dismissal of their quiet-title claim. *See Marksmeier v. Davie*, 622 F.3d 896, 902 n.4 (8th Cir. 2010) ("Although Marksmeier's brief states that he is also appealing the district court's grant of summary judgment on his state-law claims, the brief does not contain argument on those state-law claims. Accordingly, he has waived this issue on appeal, and we decline to consider whether the district court's grant of summary judgment as to the state-law claims was proper. *See* Fed. R. App. P. 28(a)(9)(A) (mandating that appellant's brief include contentions, reasons for them, and citations to authorities and parts of record on which appellant relies)."). Even if the Homeowners had briefed us on these remaining claims, we would nonetheless

affirm the district court's dismissal. All three are virtually identical to claims we found lacking in *Karnatcheva*, and the Homeowners have neglected to offer a basis for distinguishing this precedent. *See* 704 F.3d at 546-47 (dismissing slander-of-title claim and two claims seeking declaratory judgments "to determine whether the defendants had 'any true interest in or right to foreclose on their properties'" and "to determine whether the notes were properly accelerated by the correct party").

This is one in a series of unsuccessful quiet-title claims brought by the Homeowners' counsel, William Butler. *See Butler v. Bank of America, N.A.*, 690 F.3d 959, 962 n.3 (8th Cir. 2012) (describing Butler's "pattern" of filing lawsuits to challenge the validity of foreclosure proceedings). Accordingly, the Lenders/Servicers filed a motion for sanctions. The district court granted this motion, imposing a $75,000 sanction under Rule 11 and awarding attorneys' fees under 28 U.S.C. § 1927. Butler appeals the award. We review the district court's decision under an abuse-of-discretion standard. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (8th Cir. 1996). For the reasons this court set forth in another of Butler's myriad quiet-title suits, *Dunbar v. Wells Fargo Bank, N.A.*, Nos. 12-2076, 12-2369, 2013 WL 978223 (8th Cir. Jan. 14, 2013), we conclude that the district court did not abuse its discretion in awarding sanctions and attorneys' fees.

———————————————