# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3235

_____

Sandra L. Novak; Lisa E. Belflower; Benjamin P. Carter; Daryl K. Hoffbeck; Christopher J. Hardy; Wendy K. Richter; Joan K. Hoffbeck

*Plaintiffs - Appellants*

v.

JPMorgan Chase Bank, N.A.; Chase Home Finance LLC; Mortgage Electronic Registration Systems, Inc.; Merscorp, Inc.; Federal National Mortgage Association

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 10, 2013
Filed: July 12, 2013
[Unpublished]

_____

Before LOKEN, BEAM, and BYE, Circuit Judges.

_____

PER CURIAM.

The present action originated in Minnesota state court on February 17, 2012. It was thereafter properly removed to the federal district court. Appellants, homeowners who claim that the entities asserting a legal interest in their mortgages

do not have the authority to seek foreclosure, sought various forms of relief–to quiet title, a declaration that Appellees have no right to foreclose and a declaration regarding the right to accelerate. Appellants also claimed slander of title. Once removed, the district court[1] denied Appellants' motion to remand and granted Appellees' motion to dismiss. This appeal followed.[2] This court reviews de novo a district court's decision granting a motion to dismiss for failure to state a claim, accepting plaintiffs' factual allegations as true and drawing all reasonable inferences in the plaintiffs' favor. Blankenship v. USA Truck, Inc., 601 F.3d 852, 853 (8th Cir. 2010). Once again, we conclude that our recent precedent requires a quick rejection of the claims advanced in this case.

We first address Appellants' claim that jurisdiction is lacking in this matter. Appellants argued to the district court, and again on appeal, that because an eviction action was pending in Minnesota on one of the properties involved in this action at the time the case was removed, the state court had obtained "possession, custody, or control" of the particular property, thus foreclosing the exercise of jurisdiction by the federal courts under the doctrine of prior exclusive jurisdiction. Appellant Br. 12-13 (citing State Eng'r v. S. Fork Band of the Te-Moak Tribe of W. Shoshone Indians of Nev., 339 F.3d 804, 809 (9th Cir. 2003)). This proposition, however, has been raised before and rejected by this court in nearly identical cases filed by Mr. William Butler, counsel of record in this case, on behalf of clients similarly situated to Appellants. See, e.g., Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013); Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1032 (8th Cir. 2012), cert. denied, 133 S. Ct. 2358 (2013); Jerde v. JPMorgan Chase Bank, N.A., 502 F. App'x

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

[2]This is the latest in an exhaustive string of substantially similar cases brought recently in Minnesota despite repeated rejection by this and other courts. See, e.g., Butler v. Bank of Am., N.A., 690 F.3d 959, 962 n.3 (8th Cir. 2012).

616, 616-17 (8th Cir. 2013) (per curiam). While it may have been a legitimate argument the first go-round, given the unequivocal and repeated rejection of this very argument by the federal courts, the claim is now wholly frivolous. Black's Law Dictionary 739 (9th ed. 2009) (defining "frivolous" as "lacking a legal basis or legal merit").

Having established jurisdiction, we address Appellants' quiet title claim. This quiet title claim invokes Minnesota Statute Annotated § 559.01, which authorizes "[a]ction[s] to determine adverse claims" to real property.[3] The district court held that because a Minnesota quiet title claim is an equitable action and these homeowners came to court "with unclean hands," they could not state a quiet title claim. Alternatively, the court held that even if such action were available to these homeowners, the complaint did not contain facts sufficient to state a claim for relief, or otherwise contained allegations foreclosed by Minnesota law. The sum of Appellants' various arguments on appeal is that the respective claims were sufficiently pled. Too, Appellants claim the district court erred when it failed to apply Minnesota substantive law with respect to the quiet title claim. These homeowners should not be surprised, however, when this court disagrees on all fronts.

Appellants' quiet title claims, like their jurisdictional challenge, have been raised before, and rejected by, this court time and again in other cases brought by counsel Butler on behalf of various clients in similar proceedings. See, e.g., Vang v. PNC Mortg., Inc., No. 12-2501, 2013 WL 2228756 (8th Cir. 2013). In fact, the

---

[3]"Any person in possession of real property personally or through the person's tenant, or any other person having or claiming title to vacant or unoccupied real property, may bring an action against another who claims an estate or interest therein, or a lien thereon, adverse to the person bringing the action, for the purpose of determining such adverse claim and the rights of the parties, respectively." Minn. Stat. Ann. § 559.01.

apparent templates used for the instant complaint and brief on appeal are nearly identical to those filed in Blaylock v. Wells Fargo Bank, N.A., 502 F. App'x 623 (8th Cir. 2013) (per curiam), wherein we flatly rejected the assertions:

> The Homeowners pled this claim in terms identical[4] to those employed by the plaintiffs in Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545 (8th Cir. 2013). In Karnatcheva, this court concluded that two of the bases for the plaintiffs' quiet-title claim were premised on the "show-me-the-note" theory, a discredited legal theory attempting to require foreclosing entities to produce the underlying promissory note corresponding to their legal title to the mortgage. Id. at 547. Although the Karnatcheva plaintiffs' remaining three theories for relief under section 559.01 did not rely on the "show-me-the-note" theory, this court dismissed them for falling short of federal pleading requirements. Id. at 548 ("We therefore affirm the district court's dismissal of the plaintiffs' three theories for quiet title . . . because the plaintiffs' pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid."). The Homeowners in this case have failed to distinguish the pleadings in their suit to quiet title from those of the plaintiffs in Karnatcheva, and accordingly we affirm the district court's dismissal for the same reasons.

---

[4]To be painstakingly precise, the complaint filed in Blaylock is indeed nearly identical to that filed in the instant case, and by all relevant legal measures, as noted in Blaylock, was identical to that filed in Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545 (8th Cir. 2013). Blaylock, 502 F. App'x at 624. The Blaylock complaint did, however, reword the claims in the complaint so as not to repeat the error highlighted by the Karnatcheva court of stating the claims as mere "labels and conclusions, based on speculation." Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). In all instances, however, the complaints fail to state claims upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6).

Id. at 624 (first alteration ours); see also Dunbar, 709 F.3d at 1257 (concluding the same); Iverson v. Wells Fargo Bank, N.A., 502 F. App'x 624 (8th Cir. 2013) (same).

Likewise, these homeowners persist in arguing, in the face of binding precedent, that the district court failed to apply Minnesota substantive law in its determination that the complaint failed to allege sufficient facts. Yet, matters removed to federal court are governed by the current federal pleading standard. "We apply federal pleading standards–Rules 8 and 12(b)(6)–to the state substantive law to determine if a complaint makes out a claim under state law." Karnatcheva, 704 F.3d at 548; Fed. R. Civ. P. 81(c)(1) (providing that the Federal Rules of Civil Procedure apply to civil actions removed from state court); see also Christiansen v. West Branch Cmty. Sch. Dist., 674 F.3d 927, 938-39 (8th Cir. 2012) (applying federal pleading standard to claims removed to federal district court). As noted in Karnatcheva, "'[t]he fact of possession or vacancy is not a jurisdictional fact, nor does it go to the merits of the controversy as to title'; instead '[i]t goes only to the right of the plaintiff to present his claim of title under the form of action,' to quiet title." Karnatcheva, 704 F.3d at 548 (quoting Union Cent. Life Ins. Co. v. Page, 190 Minn. 360, 363 (Minn. 1933) (alterations in original).

> The Minnesota quiet title statute does not conflict with the federal pleading rules. The statute establishes only the *elements* of a quiet title claim and not the *manner* in which those elements must be pleaded. Thus, contrary to the borrowers' argument, it is not true that Federal Rules of Civil Procedure 8 and 12 "leav[e] no room for operation of [the Minnesota statute]." Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 130 S. Ct. 1431, 1451 (2010) (Stevens, J., concurring in part and concurring in the judgment) (quotation and citations omitted).

Vang, 2013 WL 2228756 at *3 (emphasis and alterations in original). Applying the proper standard, as the district court did as well, we affirm the district court's

-5-

dismissal on this basis.  <u>Dunbar</u>, 709 F.3d at 1257 (dismissing similar claims under Federal Rules of Civil Procedure 8 and 12(b)(6)).

Appellants do not raise any challenge to the district court's ruling regarding the declaratory relief sought as well as the slander of title action.  Accordingly, any such argument regarding the district court's ruling on these matters is waived on appeal.  <u>See, e.g.</u>, <u>Marksmeier v. Davie</u>, 622 F.3d 896, 902 n.4 (8th Cir. 2010); <u>Blaylock</u>, 502 F. App'x at 624.

For the reasons stated herein, we affirm the district court's dismissal of Appellants' suit.

_____