# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-3141

_____

Heather L. Welk; Susie B. Jones; William Bigelow; Christine Heinzman; Mark Heinzman; Sigmond Singramdoo; Troy Forte; Lynn M. Forte; David J. Roster; Charity Roster; Patrick Rucci; Gary G. Klingner; Rebecca A. Albers; Ian Patterson; James Willis Konobeck, Jr.; Alison Konobeck; Amy B. Tibke; Dane A. Tibke; Tracy J. Miklas; Michelle L. Miklas

*Plaintiffs - Appellants*

v.

GMAC Mortgage, LLC

*Defendant*

Ally Financial, Inc.; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; U.S. Bank, N.A.; Deutsche Bank Trust Company Americas; Shapiro & Zielke, LLP; U.S. Bank National Association ND; Deutsche Bank National Trust Company; Bank of New York Mellon, f/k/a Bank of New York

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 17, 2013
Filed: July 15, 2013

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

MURPHY, Circuit Judge.

Several Minnesota homeowners represented by attorney William B. Butler brought a quiet title suit in state court, alleging that their home mortgages were invalid because the companies that held them did not possess the original promissory notes. The plaintiffs brought thirteen separate claims, nearly all of which rested on this "show me the note" theory. The defendants removed the case to federal court and moved to dismiss. The district court[1] granted the defendants' motion and dismissed nearly all the plaintiffs' claims.[2] The court also sua sponte sanctioned Butler and awarded attorney fees to the defendants, finding that the plaintiffs' "show me the note" theory had been repeatedly rejected by the courts and that Butler had engaged in abusive litigation tactics. The plaintiffs appeal.

After careful review, we conclude that there was no error in the district court's thorough and well reasoned order. The district court correctly concluded that it had diversity jurisdiction, as the claims against the sole nondiverse defendant lacked a "reasonable basis in fact and law," Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012) (quoting Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003)), and the doctrine of prior exclusive jurisdiction was not implicated, see 13F Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3631 (3d ed. 1998). It also correctly concluded that the plaintiffs failed to state a plausible claim for relief sufficient to survive a motion to dismiss. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The quiet title claims are but variations on the "show me the note" theory which has been repeatedly rejected by the Minnesota Supreme Court and our court applying Minnesota law. See, e.g., Jackson v. Mortg. Elec. Regist. Sys., Inc., 770 N.W.2d 487, 490–91 (Minn. 2009)

---

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.

[2]The claims of one plaintiff were severed and are not part of this appeal.

Murphy, 699 F.3d at 1030–31.  The plaintiffs' slander of title claims are equally meritless.  See Karnatcheva v. JPMorgan Chase Bank, 704 F.3d 545, 546–47 (8th Cir. 2013).  The plaintiffs have abandoned the remainder of their claims on appeal.

Nor did the district court abuse its discretion in imposing sanctions under Federal Rule of Civil Procedure 11(c) and 28 U.S.C. § 1927.  See generally Clark v. UPS, Inc., 460 F.3d 1004 (8th Cir. 2006).  It reasonably concluded that the plaintiffs' claims were not "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and that they had been brought "for an[] improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b)(1)–(2).  It also reasonably concluded that Butler's actions in this case "multiplie[d] the proceedings . . . unreasonably and vexatiously."  28 U.S.C. § 1927.

The district court aptly summarized Butler's abusive tactics:

Butler takes a group of a dozen or so individuals who are facing foreclosure but otherwise have no connection to one another; he gins up a dozen or so claims against a dozen or so defendants grounded mostly on the show-me-the-note theory; he improperly packages these claims into a single state-court action; and he fraudulently joins a single nondiverse defendant (typically a law firm that represented one of the lenders in foreclosure proceedings) in an attempt to block removal to federal court.  The defendants generally remove the cases to federal court, and Butler then moves to remand.  If the judge denies Butler's motion, he might "remand" the case himself by voluntarily dismissing it and refiling it in state court within a day or two, thereby starting the process all over again. Butler might also "judge shop" in the same manner; if he does not like his chances before a particular federal judge, he might voluntarily dismiss his case, promptly refile it in state court, and start the process all over again.  To hide his conduct, Butler will reorder the names of the plaintiffs or substitute a new plaintiff for one of the old plaintiffs, so that the refiled case will have a different caption.

When Butler's claims are finally challenged on the merits, he makes false representations and spins out contradictory and often absurd arguments in the apparent hope that their sheer weight and number, multiplied by the number of parties and claims, will overwhelm his opponents and the court. Butler makes claims in his briefs that do not appear in his pleadings; he makes claims during hearings that do not appear in either his briefs or his pleadings; and, when ordered to show cause why he should not be sanctioned, he makes claims in his responses that he did not make during the hearing or in his briefs or pleadings.

In his briefs to this court Butler similarly omits any discussion of the recent cases rejecting his "show me the note" theory and jurisdictional arguments, and he makes no attempt to distinguish or argue against them. He simply represents that Minnesota law requires a foreclosing mortgagee to possess the note and that the district court lacked jurisdiction to hear the case. This is troubling. Butler himself has argued several cases in which we rejected his "show me the note" theory under Minnesota law. E.g., Murphy, 699 F.3d at 1030; Butler v. Bank of Am., N.A., 690 F.3d 959, 959 (8th Cir. 2012); Stein v. Chase Home Fin., LLC, 662 F.3d 976, 977 (8th Cir. 2011). His deliberate attempt to ignore these cases suggests that he has the intention of deceiving or misleading the court into ruling in his favor. At the very least, it suggests that he lacks a nonfrivolous basis for appeal. Such conduct may provide a basis for this court to impose sanctions of its own in the future. See Fed. R. App. P. 38.

The judgment of the district court is affirmed.

_____