# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1441

_____

Theodore E. Kent; LeMay F. Kent; Dustin L. Emmick; Scott A. Roberts; Lisa J.
Roberts; Huong Kim Nguyen; Lawrence Johnson; Melodi Johnson; Chad M.
Hanson; Rebecca Hanson; Ryan Hanson; Logan W. Rice; Nancy B. Court; Brian
E. Court; Chip A. Rice; Linda S. Rice; William A. Bigelow; Marjorie E. Visker;
Gerald J. Yarnes; Rebecca Yarnes

*Plaintiffs - Appellants*

v.

Bank of America, N.A.; BAC Home Loans Servicing, LP; Bank of New York
Mellon, formerly known as Bank of New York; Mortgage Electronic Registration
Systems, Inc.; MERSCORP, Inc.; U.S. Bank, National Association; Wells Fargo
Bank, N.A.; Peterson, Fram & Bergman, P.A.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 17, 2013
Filed: July 26, 2013
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

The Appellants are homeowners claiming that the Appellees, financial institutions and mortgage servicers, do not have authority to foreclose upon their homes. This is yet another case brought by the Appellants' counsel in Minnesota challenging foreclosures despite repeated rejection by our court of the legal theories advanced. See, e.g., Butler v. Bank of Am., N.A., 690 F.3d 959 (8th Cir. 2012).

After this case was properly removed to federal court, the district court[1] granted the Appellees' motion to dismiss and awarded attorneys' fees pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. The Appellants raise three issues on appeal. The first two issues relate to the claims the Appellants asserted in their complaint. The last issue relates to attorneys' fees the district court imposed.

First, the Appellants argue that the district court erred by dismissing their quiet-title claims. We review the district court's grant of a motion to dismiss de novo. Owen v. Gen. Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). The Appellants' quiet-title claims, based on Minnesota Statute § 559.01, have been repeatedly rejected by this court. See, e.g., Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013) (holding similar "pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid"). In fact, the complaint used by the Appellants in this case is nearly identical to the homeowner-appellants' complaint that we held insufficient in Karnatcheva. Cf. Blaylock v. Wells Fargo Bank, N.A., 502 F. App'x 623 (8th Cir. 2013) (unpublished per curiam) (noting claims pled "in terms identical to those" in Karnatcheva). We have also rejected Appellants' claim that the district court failed to follow Minnesota substantive law when considering the proper elements of a quiet-title action. See Karnatcheva, 704 F.3d at 548 (holding Federal

---

[1] The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Rules of Civil Procedure apply to civil action removed from state court and Minnesota quiet-title statute does not conflict with federal pleading standards). "The [Minnesota quiet title] statute establishes only the *elements* of a quiet title claim and not the *manner* in which those elements must be pleaded." Vang v. PNC Mortg., Inc., No. 12-2501, 2013 WL 2228756, at *3 (8th Cir. May 22, 2013) (unpublished per curiam). Therefore, because the Appellants have failed to distinguish the quiet-title claims in this case from the identical arguments and pleadings we rejected in Karnatcheva and Vang, we affirm the district court's dismissal of the Appellants' quiet-title claims.

Next, the Appellants argue that the Appellees did not have the right to enforce the note and that the complaint adequately states a conversion claim. These arguments are foreclosed, however, because they merely rebrand the "show-me-the-note" theory rejected in Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487 (Minn. 2009). See Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012) (rejecting conversion claim for relying on "show-me-the-note" theory), cert. denied, 133 S. Ct. 2358 (2013).

Finally, the Appellants contend the district court erred by awarding attorneys' fees under Rule 41(d) of the Federal Rules of Civil Procedure.[2] We review the district court's award of attorneys' fees under Rule 41 for an abuse of discretion. See Evans v. Safeway Stores, Inc., 623 F.2d 121, 122 (8th Cir. 1980). Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the

---

[2]The district court, pursuant to 28 U.S.C. § 636(b)(1)(B), referred several motions, including two motions to dismiss and a motion to remand, to the Honorable Leo I. Brisbois, United States Magistrate Judge for the District of Minnesota. After the magistrate judge's report and recommendation was issued, the homeowners filed a motion objecting to the recommendations. The district court subsequently overruled these objections in a written order.

court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d). An award under Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." Simeone v. First Bank Nat'l Ass'n, 971 F.2d 103, 108 (8th Cir. 1992). The Appellants contend that the filing and refiling of the lawsuit was not vexatious and that the district court's analysis of Rule 41(d) in this case "eliminate[d] any requirement that the defendant show that the plaintiff's [sic] actions were in bad faith or vexatious." The district court, however, did conclude that the Appellants' dismissal and refiling did not have a proper purpose and constituted forum shopping. The district court could "ascertain no credible reason" as to why the Appellants dismissed and immediately refiled this lawsuit. Indeed, the district court rejected the Appellants' argument that the purpose of the dismissal was to amend the complaint because the only changes were "incidental." Now on appeal, the Appellants have continued to provide no explanation for the filing and refiling, and therefore, we have no reason to believe that the district court abused its discretion by finding that Appellants' conduct was vexatious and targeted at forum shopping.[3]

According to the Appellants, attorneys' fees are not an appropriate remedy under Rule 41. That is true in at least one circuit. See Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 874 (6th Cir. 2000) ("[A]ttorney fees are not available under Rule 41(d)."). That is not the law, however, in the Eighth Circuit. See Evans, 623 F.2d at 122 (holding district court did not abuse its discretion in awarding attorneys' fees under Rule 41(d)). The Appellants argue that a district court in the Eighth Circuit has taken a different approach. See Simeone v. First Bank Nat'l Ass'n, 125 F.R.D. 150, 155 (D. Minn. 1989) ("The Court is satisfied based upon its own research and a review of the cases cited by defendants that attorneys' fees are not recoverable as part of 'costs' under Rule 41(d)."). Although we affirmed the district court's award of

---

[3]The Appellants attorney has a track record of "engag[ing] in brazen delay tactics and judge-shopping by voluntarily dismissing actions only to turn around and refile them again immediately afterwards." Welk v. GMAC Mortg., LLC, 850 F. Supp. 2d 976, 999 (D. Minn. 2012).

costs in that case, we did not consider—or even mention—whether Rule 41(d) extended to attorneys' fees.  <u>See</u> <u>Simeone</u>, 971 F.2d at 107-08.  Thus, we follow our decision in <u>Evans</u> and affirm the award of attorneys' fees.

      Accordingly, the judgment of the district court is affirmed.

_____