# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-1443

_____

Rebecca C. Robinson; Edward B. Hughes; David B. Larsen; Bobbi Jo Larsen;
Victor A. Ngaling; Rebecca N. Ngaling; Bernard Simpser; Renee S. Simpser;
Mark A. Tully; Thane T. Truax; Vicki K. Truax; Lavera Britt; Kenneth Britt; Jerry
G. Lindholm; Janelle C. Lindholm; Robi J. Nash, formerly known as Robi J.
Briggs; Jorge L. Cervera; Julia Cervera; Brad A. Cartier; Scott J. Dobesh; Jeffrey
J. Mancini, formerly known as Jeffrey J. Cox; Chip A. Rice; Linda Sue Rice;
Richard Procter; Elizabeth A. Manning; Dean Welk; Patrick Schmeichel; Terry
Alan Thornberg; Marci Marie Thornberg; Charlotte Williams; Keith Williams;
Brian Wildeman; Becki Wildeman; Jenifer M. Schmitz; Joy C. Thompsen; Joseph
Conely; Dawn Conely; Sylvia A. Gilbert; Kenneth E. Gilbert; William Determan

*Plaintiffs - Appellants*

v.

Bank of America, N.A.; BAC Home Loans Servicing, LP; Mortgage Electronic
Registration Systems, Inc.; MERSCORP, Inc.; Wells Fargo Bank, N.A.; Federal
National Mortgage Association; U.S. Bank National Association; The Bank of
New York Mellon, formerly known as The Bank of New York; Peterson, Fram &
Bergman, P.A.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: September 23, 2013
Filed: January 9, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Appellants are forty homeowners (collectively, the "homeowners") who have received notices indicating that the Appellee financial institutions and mortgage servicers (collectively, the "mortgagees") intend to institute mortgage foreclosure proceedings against them. The homeowners instituted an action in Minnesota state court challenging the planned foreclosures, and the mortgagees removed the action to federal court. The jurisdiction of the United States District Court was based upon diversity of citizenship. See 28 U.S.C. § 1332.

The homeowners subsequently filed an amended complaint seeking, inter alia, a determination that the mortgagees do not hold enforceable mortgages with respect to their property and money damages. The mortgagees moved to dismiss the amended complaint for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and for fees and costs, and the homeowners moved to remand the action to state court. The district court[1] granted the motion to dismiss the amended complaint, denied the motion to remand, and awarded attorneys' fees to the mortgagees pursuant to Federal Rule of Civil Procedure 41(d).

_____

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendations of the Honorable Leo I. Brisbois, United States Magistrate Judge for the District of Minnesota.

The homeowners' amended complaint asserts 19 individually numbered and labeled counts that the district court found to be subject to dismissal as based upon the so-called "show-me-the-note" theory, which argues that the mortgagees have no right to foreclose the mortgages involved because they do not have possession of or the legal right to enforce the underlying promissory notes, a proposition which was rejected in Jackson v. Mortgage Electronic Registration Systems, Inc., 770 N.W.2d 487 (Minn. 2009), and has been consistently rejected by this court since.[2] In this appeal, however, the homeowners have abandoned all but a conversion claim. They also argue that the district court erred in dismissing a quiet title claim, which they contend was set forth elsewhere in the amended complaint, and in assessing attorneys' fees against them. We affirm.

We review the district court's grant of a motion to dismiss de novo, taking the factual allegations in the complaint as true and affording the non-moving party all reasonable inferences from those allegations. Owen v. Gen. Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). Federal Rule of Civil Procedure 8 requires that a complaint present a "short and plain statement of the claim showing that the pleader is entitled

[2]See, e.g., Kent v. Bank of Am., N.A., 518 F. App'x 514 (8th Cir. 2013) (unpublished per curiam); Welk v. GMAC Mortg., LLC, 720 F.3d 736 (8th Cir. 2013); Novak v. JPMorgan Chase Bank, N.A., 518 F. App'x 498 (8th Cir. 2013) (unpublished per curiam); Olson v. Bank of Am., N.A., 518 F. App'x 496 (8th Cir. 2013) (unpublished per curiam); Adorno v. CitiMortgage, Inc., 509 F. App'x 563 (8th Cir. 2013); Kraus v. CitiMortgage, Inc., 513 F. App'x 624 (8th Cir. 2013) (unpublished per curiam); Vang v. PNC Mortg., Inc., 517 F. App'x 523 (8th Cir. 2013) (unpublished per curiam); Iverson v. Wells Fargo Bank, N.A., 502 F. App'x 624 (8th Cir. 2013) (unpublished per curiam); Blaylock v. Wells Fargo Bank, N.A., 502 F. App'x 623 (8th Cir. 2013) (unpublished per curiam); Jerde v. JPMorgan Chase Bank, N.A., 502 F. App'x 616 (8th Cir. 2013) (unpublished per curiam); Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254 (8th Cir. 2013); Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545 (8th Cir. 2013); Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027 (8th Cir. 2012); Butler v. Bank of Am., N.A., 690 F.3d 959 (8th Cir. 2012); Stein v. Chase Home Fin., LLC, 662 F.3d 976 (8th Cir. 2011).

to relief." In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, at the pleading stage a plaintiff must show that success on the merits is more than a "sheer possibility." Id.; see also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co., 559 U.S. 393, (2010) (Stevens, J., concurring) ("It is a long-recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law.'" (quoting Hanna v. Plumer, 380 U.S. 460, 465 (1965))).

We quickly dispose of the homeowners' contention that the district court erred in dismissing their conversion claim because we agree with the district court that this claim, like the other 18 numbered and labeled claims, is based upon the discredited "show-me-the-note" theory. Murphy v. Aurora Loan Servs., LLC, 699 F.3d 1027, 1031 (8th Cir. 2012) (concluding that conversion claim was properly dismissed as relying on "show-me-the-note" theory), cert. denied, 133 S.Ct. 2358 (2013). Accordingly, as a matter of law, the amended complaint does not state a conversion claim which is "plausible on its face," and dismissal was required.

Unlike the 19 claims specifically labeled as separate counts, a quiet title cause of action is only obliquely referenced in paragraph 90 of the amended complaint. There, the homeowners allege that Minnesota law confers standing on a property owner to quiet title by removing adverse claims and encumbrances. Minn. Stat., §§ 580.20 and 580.21. At the district court hearing on the motion to dismiss the amended complaint, the homeowners' attorney argued that a quiet title claim was sufficiently stated by the amended complaint's allegations that the homeowners are in possession of their property and the foreclosing mortgagees do not have possession of the promissory notes secured by the mortgages nor are they entitled to enforce the notes. However, this argument was rejected in Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545 (8th Cir. 2013), where we concluded that plaintiffs failed

to state a quiet title claim because their "pleadings, on their face, [in making these same allegations] have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of notes were invalid." See id. at 548.[3] Accordingly, the district court properly granted the motion to dismiss any quiet title claim that may have been alleged in the amended complaint.

Finally, the homeowners contend that the district court erred in awarding attorneys' fees to the mortgagees pursuant to Rule 41(d) of the Federal Rules of Civil Procedure. Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d)(1). We review the district court's award of attorneys' fees under Rule 41 for an abuse of discretion. See Evans v. Safeway Stores, Inc., 623 F.2d 121, 122 (8th Cir. 1980).

In considering this issue, a review of the procedural history of this matter is helpful. On October 26, 2010, 16 of the homeowners (the Tully plaintiffs), represented by attorney William Butler, filed an action in state court against the mortgagees, except for the Federal National Mortgage Association. In that action, the plaintiffs claimed that the mortgages with respect to their properties were invalid and sought relief from threatened foreclosure. The defendants removed the action to

_____

[3]The homeowners devote a portion of their briefing in this appeal to the argument that the mortgagees are not entitled to enforce the mortgages because, under provisions of Article 3 of the Uniform Commercial Code codified in the Minnesota Statutes, they are not entitled to enforce the underlying notes. However, because this legal theory was not raised in the district court it is deemed to be waived. See St. Paul Fire & Marine Ins. Co. v. Compaq Computer Corp., 539 F.3d 809, 822 (8th Cir. 2008) ("When a party fails to bring an argument in the district court, we may consider that argument waived . . . .").

federal court and filed a motion to dismiss the complaint. The Tully plaintiffs moved to remand the action to state court. On May 17, 2011, after oral argument on the two motions, the district court denied the motion to remand and dismissed the action without prejudice for lack of standing.

On June 3, 2011, the 16 Tully plaintiffs, joined by 9 additional homeowners, with new lead plaintiffs David B. Larsen and Bobbie Jo Larsen (the Larsen plaintiffs), filed a new state court action against the mortgagees along with a new defendant, the Minnesota law firm of Peterson, Fram and Bergman, P.A. On July 1, 2011, the Larsen plaintiffs amended the state court complaint and added 13 additional homeowners as plaintiffs. The mortgagees removed the action to federal court, the homeowners moved to remand, and a United States Magistrate Judge recommended that the motion be denied concluding that the law firm had been fraudulently joined to defeat diversity jurisdiction. Less than one week after the Magistrate Judge issued her report and recommendation, on July 27, 2011, the Larsen plaintiffs voluntarily dismissed their action pursuant to Federal Rule of Civil Procedure 41(a). On the same day, the Larsen plaintiffs refiled their complaint in Minnesota state court, adding two new plaintiffs (the Robinson plaintiffs) and included the same claims against the same defendants as in the Larsen complaint. The mortgagees again removed the action to federal court. On August 12, 2011, the homeowners filed an amended complaint, which the district court dismissed on July 12, 2012, for failure to state a claim upon which relief can be granted prompting this appeal. Throughout this period of multiple filings spanning 14 months, the homeowners continued to be represented by Attorney Butler.

Homeowners concede that they dismissed an action and then filed an action "based on or including the same claim against the same defendant," here the mortgagees. Fed. R. Civ. P. 41(d). The homeowners assert, however, that the district court failed to require a showing that the homeowners actions were in bad faith or vexatious. It is true that an award under Rule 41(d) is "intended to serve as a

deterrent to forum shopping and vexatious litigation." <u>Simeone v. First Bank Nat'l Ass'n</u>, 971 F.2d 103, 108 (8th Cir. 1992). Assuming that a finding of bad faith or vexatious conduct is required to award costs under Rule 41(d), the district court made such findings in this case. The court recounted the procedural history set forth above and noted that on the same day the homeowners dismissed the <u>Larsen</u> complaint in federal court they brought this action in state court. The district court further discussed Attorney Butler's explanation for this action—that they were striving to "remedy defects" in the complaint in light of the dismissal of a complaint asserting the same claims in another case pending in the District of Minnesota—and found it wanting. The district court noted that the homeowners could have sought to amend the <u>Larsen</u> complaint, the <u>Larsen</u> complaint was dismissed and the <u>Robinson</u> complaint filed in state court on the same day, and the <u>Larsen</u> complaint and the <u>Robinson</u> complaint are virtually identical.

We conclude that the district court did not abuse its discretion in its award of Rule 41(d) fees and costs.

Accordingly, the judgment of the district court is affirmed.

_____