# United States Court of Appeals

### For the Eighth Circuit

_____

No. 12-3032

_____

Jean Marie Anderson; Shawn Guse; Angela Guse; Allen L. Friedland; Jason M. Beeks; Patricia G. Mikelson

*Plaintiffs - Appellants*

v.

CitiMortgage, Inc.; Mortgage Electronic Registration Systems, Inc.; MERSCORP, Inc.; RESI WHOLE LOAN II LLC; Citigroup Global Markets Realty, Inc.; Federal Home Loan Mortgage Corporation; Usset, Weingarden and Liebo, P.L.L.P.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 17, 2013
Filed: July 26, 2013
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Appellants are six homeowners (collectively, the "homeowners") challenging the district court's[1] dismissal of their quiet-title claims. This case is another in the long line of similarly unsuccessful cases brought by the homeowners' counsel in Minnesota challenging mortgage foreclosures. See, e.g., Butler v. Bank of Am., N.A., 690 F.3d 959 (8th Cir. 2012).

The homeowners originally filed this lawsuit in Minnesota state court, but it was later removed to federal court. In their amended complaint, the homeowners alleged four separate causes of action. The Appellees, the mortgage lenders and servicers, moved to dismiss the homeowners' claims, and the district court granted the motion to dismiss. The homeowners now appeal, and we review the district court's grant of a motion to dismiss de novo. Owen v. Gen. Motors Corp., 533 F.3d 913, 918 (8th Cir. 2008). On appeal, the homeowners have abandoned all but their quiet-title claims, arguing that the district court erred by dismissing these claims premised under Minnesota Statute § 559.01. Additionally, the homeowners contend the district court erred by failing to apply Minnesota's state-court pleading standards.

The homeowners' amended complaint asserts quiet-title claims that are identical to the claims brought by the plaintiffs in Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545 (8th Cir. 2013). The homeowners argue that for their complaint to state a quiet-title cause of action, all that is required is the allegation that the plaintiff is in possession of the land and that the defendant claims an adverse interest therein. In Karnatcheva, we rejected this argument, concluding that plaintiffs' "pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid." See id. at 548. Next, the homeowners argue that Minnesota's quiet-title pleading requirements

---

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

are substantive and not procedural. Thus, according to the homeowners, the district court erred by failing to apply Minnesota substantive law when considering the adequacy of their complaint. But we have squarely rejected this precise argument. See id. (holding Federal Rules of Civil Procedure apply to civil action removed from state court and Minnesota quiet-title statute does not conflict with federal pleading standards). "The [Minnesota quiet title] statute establishes only the *elements* of a quiet title claim and not the *manner* in which those elements must be pleaded." Vang v. PNC Mortg., Inc., No. 12-2501, 2013 WL 2228756, at *3 (8th Cir. May 22, 2013) (unpublished per curiam).

The homeowners have made no attempt to distinguish the facts or law in this case from our prior decision in Karnatcheva. It is a "cardinal rule" that we are bound by the decisions of prior panels in our circuit. Chi. Ins. Co. v. City of Council Bluffs, 713 F.3d 963, 970 n.3 (8th Cir. 2013). Therefore, we affirm the district court's dismissal of the homeowners' quiet-title claims.

_____