# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 13-2513

———————————————

Andrew McGlory; Carmita McGlory

*Plaintiffs - Appellants*

v.

CitiMortgage, Inc.; Usset, Weingarden and Liebo, P.L.L.P.; Peterson, Fram &
Bergman, P.A.; Christopher Kalla, and all other persons unknown claiming any
right, title, estate, interest, or lien in the real estate described in the complaint herein

*Defendants - Appellees*

———————————

Appeal from United States District Court
for the District of Minnesota - Minneapolis

———————————

Submitted: December 11, 2013
Filed: March 12, 2014
[Unpublished]

———————————

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

———————————

PER CURIAM.

This case began in Minnesota state court when Andrew and Carmita McGlory
brought a quiet title action challenging the foreclosure of their home by CitiMortgage,

Inc. under multiple theories. The case was removed to the federal district court[1] where CitiMortgage moved to dismiss. The motion was granted by U.S. District Judge David S. Doty. The McGlorys appeal, and we affirm.

In 2002 Andrew and Carmita McGlory borrowed $150,000 from American Summit Lending Company to purchase a home in Minneapolis, and secured it with an adjustable rate mortgage that was recorded in Hennepin County. American Summit assigned the mortgage in 2003 to CitiFinancial, Inc., which later merged into CitiMortgage, Inc. in 2006.

The McGlorys defaulted on their loan, and on May 23, 2011, CitiMortgage filed a notice of mortgage foreclosure sale through the law firm Usset, Weingarden and Liebo, PLLP. The foreclosure notice indicated that a sheriff's sale of the mortgage was scheduled for July 22 and that the McGlorys would have to vacate the property on January 23, 2012 unless their mortgage was reinstated or the property was redeemed. On June 1 the Usset law firm then executed and filed a notice of pendency to foreclose the mortgage. CitiMortgage advertised the foreclosure notice on June 3, and CitiMortgage served Andrew McGlory on June 6 with a copy of the foreclosure notice, as well as with a "help for homeowners in foreclosure" notice informing the McGlorys that they owed $30,918.53 on their mortgage and would need to pay that amount to reinstate it. CitiMortgage executed and recorded on June 20 a notice of pendency of proceeding and power of attorney to foreclose authorizing the law firm to foreclose on the McGlorys' mortgage. The mortgage was sold and purchased by CitiMortgage at a sheriff's action on July 22, 2011.

CitiMortgage commenced eviction proceedings in state court against the McGlorys in February 2012, after the expiration of the redemption period. The state

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

district court issued a writ of recovery of premises and order to vacate on March 26, which Hennepin County executed on April 25. The Minnesota Court of Appeals affirmed the eviction in late August.

The McGlorys filed a complaint in Minnesota state court on November 19, 2012, against CitiMortgage and its law firms, alleging counts of negligence per se, wrongful ouster, and slander of title. They seek to quiet title under Minn. Stat. § 559.01 and a declaratory judgment under Minn. Stat. § 555.01 that the sheriff's certificate of sale of their mortgage is void and CitiMortgage has no interest in it. The McGlorys' complaint alleges that various notices of pendency, powers of attorney and mortgage assignments filed by American Summit, CitiFinancial and CitiMortgage between 2002 and July 2011 are invalid because the individuals signing them were unauthorized. The McGlorys assert on "information and belief" that the individuals who signed the notices of pendency, powers of attorney, and mortgage assignments between 2002 and July 2011 lacked authority. They also allege, "upon information and belief," the existence of unrecorded assignments of mortgage and powers of attorney which they assert voided both the foreclosure and later sheriff's sale of their mortgage.

CitiMortgage removed the case to the federal district court where it filed a motion to dismiss the McGlorys' complaint in late December 2012. The district court granted the motion and dismissed all the McGlorys' claims. The McGlorys appeal only the dismissal of their quiet title claim and only with respect to CitiMortgage. They now allege for the first time that CitiMortgage failed to comply strictly with state foreclosure by advertisement requirements, arguing that this failure voided the foreclosure.

We review de novo a district court's grant of a motion to dismiss, taking the facts alleged in the complaint as true. Badrawi v. Wells Fargo Home Mortg., Inc., 718 F.3d 756, 758 (8th Cir. 2013). A complaint can survive a motion to dismiss only

if it contains "'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff must plead sufficient factual content to "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Federal courts applying state law under diversity jurisdiction "apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law." Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013). When applying state substantive law, federal courts are bound to follow the law as laid out by the state's highest court. Badrawi, 718 F.3d at 758.

The McGlorys argue that Minnesota law only requires a quiet title claim to allege that they possess real property in which CitiMortgage claims an adverse interest. We rejected this theory in Karnatcheva, concluding that Minn. Stat. § 559.01 requires plaintiffs to state a plausible claim that the alleged adverse interest is invalid. 704 F.3d at 548 (citing Union Central Life Ins. Co. v. Page, 190 Minn. 360, 363 (1933)). The McGlorys also argue that their complaint met this requirement by alleging unauthorized and untimely notices of pendency and powers of attorney, as well as unauthorized and unrecorded assignments of mortgages. They assert this is sufficient to void the foreclosure. Identical allegations were made in Karnatcheva, and we rejected them as "labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid." Id. The McGlorys assert no additional factual support for their allegation beyond these speculations, and the district court therefore did not err in concluding they failed to state a claim.

The McGlorys advance for the first time on appeal two additional arguments for why the foreclosure sale of their mortgage was invalid. First, they argue that CitiMortgage failed to comply with Minn. Stat. § 582.25 when it executed power of attorney after it advertised the foreclosure sale. They next argue that CitiMortgage failed to comply with Minn. Stat. § 580.032, though they do not state what the bank

did to violate that statute.  Even if these claims had merit, the McGlorys have defaulted, since issues not raised in the trial court cannot be considered as a basis for reversal on appeal.  Campbell v. Davol, Inc., 620 F.3d 887, 891 (8th Cir. 2010).

The judgment of the district court is affirmed.

_____