# United States Court of Appeals

### For the Eighth Circuit

_____

No. 13-2983

_____

Mark Gerdes

*Plaintiff - Appellant*

v.

Federal Home Loan Mortgage Corporation; Bank of America, N.A, successor by merger to BAC Home Loans Servicing, L.P., formerly known as Countrywide Home Loans Servicing, L.P.; Mortgage Electronic Registration System; MERSCORP, Inc.; Peterson, Fram & Bergman, P.A., and all other persons unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 23, 2013
Filed: April 9, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Mark Gerdes appeals the district court's[1] dismissal of his claim to determine adverse interests in property under Minn. Stat. § 559.01. Gerdes asserts that Minn. Stat. § 559.01 is unique and procedurally different than other statutes. He argues that Minn. Stat. § 559.01 shifts the normal burden of pleading to the defendant: the plaintiff need not plead why his title is good; instead, the defendant must plead his own good title. As such, Gerdes argues he need only plead two facts to state a claim under Minn. Stat. § 559.01: (1) "possession by the Appellant"; and (2) "a claim adverse to him by the defendant." Appellant's Br. at 13.

Gerdes fails to acknowledge that recent, precedential decisions of this circuit foreclose his argument. Months before this appeal was filed, we stated definitively in Karnatcheva v. JPMorgan Chase Bank, N.A. that such pleadings were inadequate under the Federal Rules of Civil Procedure. 704 F.3d 545, 547–48 (8th Cir. 2013); see also Novak v. JPMorgan Chase Bank, N.A., 51 F. App'x 498, 501–02 (8th Cir. 2013); Vang v. PNC Mortg., Inc., 517 F. App'x 523, 526–27 (8th Cir. 2013). We held in Karnatcheva that the pleading rules argued by Gerdes are merely "the state pleading rules" and "are not state substantive standards that govern the success of a quiet title claim." 704 F.3d at 548. There is no conflict between the state substantive law and the federal pleading standards. See Karnatcheva, 704 F.3d at 548; see also Vang, 517 F. App'x at 527 ("The Minnesota quiet title statute does not conflict with the federal pleading rules. The statute establishes only the elements of a quiet title claim and not the manner in which those elements must be pleaded."). Therefore, "we apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law." Karnatcheva, 704 F.3d at 548.

---

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

Gerdes essentially suggests that our earlier decisions are wrong. Gerdes argues that "the intent of Minn. Stat. § 559.01 was to create a substantive right that had not otherwise existed." Appellant's Br. at 17. Gerdes seems to argue this substantive right includes a modified pleading procedure to be used in an action under Minn. Stat. § 559.01. Gerdes argues that Minn. R. Civ. P. 81 and Appendix A to the Minnesota Rules of Civil Procedure support his view that Minn. Stat. § 559.01 has procedural implications:

> That the Minnesota legislature intended to establish a distinct substantive right under section 559 is clear from Minn. R. Civ. P. 81 which provides today and has remained provided [sic] since its enactment: "[t]hese rules do not govern pleadings, practice and procedure in the statutory and other proceedings listed in Appendix A insofar as they are inconsistent or in conflict with the rules." Minn. R. Civ. Pr. 81. Appendix A provides: "[f]ollowing is a list of statutes and special proceedings which will be excepted from these rules insofar as they are inconsistent or in conflict with the procedure and practice provided by these rules: Chap. 559" Minn. R. Civ. P. 81 App. A. Obviously, the Minnesota legislature intended that Chap. 559 proceedings be distinct and excepted from the Rules of Civil Procedure. Fed. R. Civ. Pr. 12 and 8 are not relevant here and the application of these Rules to dismiss the Chapter 559 claim was clearly in error.

Appellant's Br. at 17 (emphasis omitted). Thus, Gerdes argues the text of Minn. R. Civ. P. 81 and Appendix A suggest that the substance of Minn. Stat. § 559.01 is to provide for special pleading procedure that is inconsistent with the Minnesota Civil Rules of Procedure—and by implication, the Federal Rules of Civil Procedure.

We note that the parties in <u>Karnatcheva</u> did not point to the text of Minn. R. Civ. P. 81 or Appendix A when suggesting that we find the state substantive law of Minn. Stat. § 559.01 to include a modified pleading procedure. Thus, this is a new

-3-

argument that was not considered in Karnatcheva. However, even if we were free to reconsider the earlier decision in Karnatcheva,[2] we would still reach the same result.

In particular, we note that since Karnatcheva was decided, the Minnesota Court of Appeals reached a similar conclusion. Merely a week after this case was submitted, the Minnesota Court of Appeals issued an unpublished opinion in Mutua v. Deutsche Bank Nat'l Trust Co., No. A13-0498, 2013 WL 6839723 (Minn. Ct. App. Dec. 30, 2013) (unpublished).[3] In Mutua, Mr. Butler represented homeowners who were fighting foreclosure in the Minnesota state courts and making the same arguments regarding the pleading requirements for a claim under Minn. Stat. § 559.01. The Minnesota Court of Appeals rejected the view that plaintiffs need only "claim that they are in possession of their respective properties and that [the Bank's] mortgage liens are invalid." Mutua, 2013 WL 6839723, at *2. The court specifically rejected these "summary allegations" and found them "[in]sufficient to overcome a motion to dismiss." Id. The court reasoned:

> Adopting appellants' position would mean that quiet-title claims will never be dismissed when merely the two facts of possession and invalid mortgage lien are alleged, without regard for how these facts would give

---

[2]"[A]s a decision of a panel, [it] is the law of the circuit and binds other panels." Jenkins v. State of Missouri, 73 F.3d 201, 205 (8th Cir. 1996); see also Mader v. United States, 654 F.3d 794 (8th Cir. 2011) (en banc) (the earliest panel's opinion controls). In a diversity case, the decision of an earlier panel of this circuit binds a later panel—until either an intervening opinion of the state supreme court or an intervening opinion of the state court of appeals, which we find to be the best evidence of the state's law. Washington v. Countrywide Home Loans, Inc., No. 12-3428, ___ F.3d ___, 2014 WL 998185, at *2–*3 (8th Cir. Mar. 17, 2014).

[3]"[W]hile unpublished decisions 'are not precedential,' Minn. Stat. § 480A.08, subd. 3(c), 'they can be of persuasive value.'" Grinnell Mut. Reinsurance Co. v. Schwieger, 685 F.3d 697, 703 n.5 (8th Cir. 2012) (quotation omitted).

rise to an entitlement to relief. This result undermines the court's duty to determine "whether the complaint sets forth a legally sufficient claim for relief." See Hebert [v. City of Fifty Lakes], 744 N.W.2d [226,] 229 [(Minn. 2008)]. Beyond the summary facts alleged, appellants must present more than just labels or conclusions in their complaint to survive a motion to dismiss.

. . .

Appellants also argue that the Minnesota Rules of Civil Procedure do not apply to quiet-title claims under Minn. Stat. § 559.01. They cite Minn. R. Civ. P. 81.01, which provides that the "rules do not govern pleadings, practice and procedure . . . listed in Appendix A insofar as they are inconsistent or in conflict with the rules." Appendix A lists "Chapter 559" as "excepted from [the] rules insofar as they are inconsistent or in conflict with" the rules. Minn. R. Civ. P. App. A. But appellants make no arguments as to how section 559.01 specifically is "inconsistent or in conflict" with the Minnesota Rules of Civil Procedure. Nor do we see any inconsistencies—a litigant can certainly plead a sufficient quiet-title action under the Minnesota rules.

Id. Not only did the Minnesota Court of Appeals find that the Minnesota Rules of Civil Procedure still apply to Minn. Stat. § 559.01, it also held that pleading "merely the two facts of possession and invalid mortgage lien" is insufficient to state a claim under the Minnesota Rules of Civil Procedure. Mutua, 2013 WL 6839723, at *2. This holding supports our conclusion in Karnatcheva.

The judgment of the district court is affirmed.

_____