# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2570

_____

Peter J. Schumacher

*Plaintiff - Appellant*

v.

Federal Home Loan Mortgage Corporation; Bank of America, N.A.; Peterson, Fram & Bergman, P.A.; Reiter & Schiller, P.A., and all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate describe in the complaint herein

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 5, 2013
Filed: June 5, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Peter J. Schumacher sued the Federal Home Loan Mortgage Corporation (Freddie Mac), Bank of America, N.A., the law firm Peterson, Fram, & Bergman, P.A., and the law firm Reiter & Schiller, P.A. in state court. His complaint alleges

quiet title and other claims arising from the foreclosure sale of his Minnesota home and his resulting eviction. Following removal to federal district court,[1] U.S. District Judge David S. Doty granted the defendants' motion to dismiss all of Schumacher's claims. Schumacher appeals the dismissal of his quiet title claim only, and we affirm.

Schumacher executed a note and mortgage in April 2007 for his home in Ramsey County, Minnesota with Bank of America. After Schumacher defaulted on his monthly mortgage loan payments, Bank of America retained the Peterson law firm to record a Notice of Pendency and Power of Attorney in August 2010 and to notice a sheriff's sale of the property in September 2011. The bank bought the property at the sheriff's sale and recorded the purchase with Ramsey County. In April 2012, the bank executed and recorded a quit claim deed to Freddie Mac. Acting on Freddie Mac's behalf, the Reiter law firm commenced an eviction proceeding against Schumacher that September.

Schumacher filed this action against Freddie Mac, the bank, and the law firms in state court in November 2012. His complaint alleges claims for quiet title under Minn. Stat. § 559.01, deceit and collusion under Minn. Stat. § 481.07, slander of title, and negligence per se. He also sought a declaratory judgment that the sheriff's sale and quit claim deed are void. Schumacher specifically alleges "upon information and belief" that there was an unrecorded assignment from Bank of America to Freddie Mac prior to the foreclosure which invalidated the sheriff's sale and subsequent quit claim deed between the two entities. The defendants removed the case to federal district court and filed a motion to dismiss Schumacher's complaint. The district court concluded that the law firms were fraudulently joined to avoid federal jurisdiction, granted the defendants' motion, and dismissed all of Schumacher's claims. Schumacher appeals only the dismissal of his quiet title claim.

-------

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

-2-

We review a district court's grant of a motion to dismiss de novo, taking the facts alleged in the complaint as true. Badrawi v. Wells Fargo Home Mortg., Inc., 718 F.3d 756, 758 (8th Cir. 2013). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The complaint must include sufficient factual content to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). When applying state law under diversity jurisdiction, federal courts are to "apply federal pleading standards—Rules 8 and 12(b)(6)—to the state substantive law to determine if a complaint makes out a claim under state law." Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013).

Schumacher claims that the only facts he needed to plead under Minn. Stat. § 559.01 are (1) that he possessed a property, (2) against which the defendants have an adverse claim. We have firmly rejected this theory. In Karnatcheva, for example, we concluded that Minnesota's quiet title statute requires a plaintiff to allege that the adverse claim against the property is invalid. Id. (citing Union Central Life Ins. Co. v. Page, 190 Minn. 360, 363 (1933)). Schumacher alternatively argues that he met this requirement by stating his "information and belief" that some unrecorded assignment exists between Bank of America and Freddie Mac which invalidates both the foreclosure sale of his property and the subsequent quit claim deed. Following Karnatcheva, we conclude that "the plaintiffs' pleadings, on their face, have not provided anything to support their claim that the defendants' adverse claims are invalid, other than labels and conclusions, based on speculation that transfers affecting payees and assignments of the notes were invalid." Id.

Schumacher asserts that our decision in Karnatcheva is not controlling here because it does not address his argument that the defendants have the burden under Minnesota pleading standards of proving their adverse claim is valid. The only burden at the pleading stage of a case, however, is on the plaintiff to plead facts which

"state a claim to relief that is plausible on its face," <u>Bawdrawi</u>, 718 F.3d at 758.  In <u>Karnatcheva</u>, we determined that "state substantive standards"—to which we apply federal pleading standards—require facts showing that the adverse claim is invalid. 704 F.3d at 548.  Schumacher fails to plead facts showing the defendants' claim against his property is invalid, and thus he fails to state a claim under Minn. Stat. § 559.01.

The judgment of the district court is affirmed.

_____