# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3052

_____

Kevin M. Murphy; Kathleen K. Murphy

*Plaintiffs*

James L. Lang; Charlene Ann Brady; Erika R. Hogenson; Harold J. Thompson, III; Julianne Thompson; Miriam E. Stone; May K. Vang; Jeffrey A. Kirschbaum; Tou A. Vang

*Plaintiffs - Appellants*

v.

Aurora Loan Services, LLC; Aurora Bank FSB; Mortgage Electronic Registration Systems, Inc.

*Defendants - Appellees*

Wilford & Geske, P.A.

*Defendant*

MERSCORP, Inc.

*Defendant - Appellee*

_____

No. 13-3204

_____

Kevin M. Murphy; Kathleen K. Murphy

*Plaintiffs - Appellants*

James L. Lang; Charlene Ann Brady; Erika R. Hogenson; Harold J. Thompson, III; Julianne Thompson; Miriam E. Stone; May K. Vang; Jeffrey A. Kirschbaum; Tou A. Vang

*Plaintiff*s

v.

Aurora Loan Services, LLC; Aurora Bank FSB; Mortgage Electronic Registration Systems, Inc.

*Defendants - Appellees*

Wilford & Geske, P.A.

*Defendant*

MERSCORP, Inc.

*Defendant - Appellee*

_____

Appeals from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 18, 2014
Filed: June 19, 2014
[Unpublished]

_____

Before RILEY, Chief Judge, GRUENDER and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

In these consolidated appeals following earlier remands and a subsequent adverse judgment in the district court,[1] plaintiffs challenge several rulings. After careful review, we find no basis to reverse any of the following: the dismissal of plaintiffs' remaining claims, *see Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545, 548 (8th Cir.) (affirming dismissal of claims because pleadings offered only labels and conclusions based on speculation that transfers affecting payees and assignments of notes were invalid), *cert. denied*, 134 S. Ct. 72 (2013); the denial of plaintiffs' motion for leave to file a second amended complaint, *see Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 755 (8th Cir. 2006) (denial of leave to amend is reviewed for abuse of discretion, but legal conclusion that amendment would be futile is reviewed de novo); the denial of a motion to sever, in which some of the plaintiffs essentially sought permission to proceed separately from the other plaintiffs, *see United States v. Kime*, 99 F.3d 870, 880 (8th Cir. 1996) (no reversal for denial of motion to sever absent showing of real prejudice indicating abuse of discretion); or the reassessment of sanctions against attorney William Butler, *see Clark v. United Parcel Serv., Inc.*, 460 F.3d 1004, 1008 (8th Cir. 2006) (district court's determinations concerning Fed. R. Civ. P. 11 are reviewed for abuse of discretion).

We thus affirm. *See* 8th Cir. R. 47B.

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.