# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-3232

_____

Njya Gharwal

*Plaintiff - Appellant*

v.

Federal National Mortgage Association; Mortgage Electronic Registration System; Bank of America, N.A; MERSCORP, Inc.; and all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: January 15, 2014
Filed: July 16, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Njya Gharwal appeals the dismissal of her claim to determine adverse interests in property under Minn. Stat. § 559.01.  Gharwal argues that the district court[1] erred in dismissing her claim under federal pleading standards because the federal pleading standards conflict with the state substantive law of Minnesota for actions under Minn. Stat. § 559.01.  Gharwal's argument is foreclosed by this circuit's binding precedent. We have previously concluded that there is no conflict between the federal pleading standards and the state substantive law of Minn. Stat. § 559.01.  See, e.g., Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 547–48 (8th Cir. 2013). Furthermore, the Minnesota Court of Appeals has recently held that, even in Minnesota's state courts, pleading only the two facts of possession and an adverse claim is insufficient to state a claim.  Mutua v. Deutsche Bank Nat'l Trust Co., No. A13–0498, 2013 WL 6839723 (Minn. Ct. App. Dec. 30, 2013) (unpublished); see also  Gerdes v. Fed. Home Loan Mortg. Co., No. 13-2983, ___ F. App'x ___, 2014 WL 1377754 (8th Cir. Apr. 9, 2014) (finding that Mutua reinforces Karnatcheva's holding).  Gharwal's bald claim that the foreclosure is void due to the existence of an unrecorded assignment of the mortgage lacks the factual support necessary to make it plausible and therefore fails to meet the federal pleading standard.  See Karnatcheva, 704 F.3d at 548 (noting "legally insufficient conjecture and 'labels and conclusions'" are not enough to state a plausible claim (quoting Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)).  Having reviewed the district court's decision de novo, Dunbar v. Wells Fargo Bank, N.A., 709 F.3d 1254, 1256 (8th Cir. 2013) (standard of review), we find no error in dismissing Gharwal's claim.

We thus affirm.  See 8th Cir. R. 47B.

_____

_____

[1]The Honorable Patrick J. Schiltz, United States District Judge for the District of Minnesota.