# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2803

_____

Yang Mee Thao-Xiong

*Plaintiff - Appellant*

v.

American Mortgage Corporation; CitiMortgage, Inc.; Usset, Weingarden and Liebo, P.L.L.P., and also all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: December 9, 2013
Filed: July 21, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Young Mee Thao-Xiong brought this quiet title action against American Mortgage Company, CitiMortgage, Inc., and the law firm Usset, Weingarden, and

Liebo, P.L.L.P. in Minnesota state court, challenging the foreclosure of her home in Hennepin County. Following removal, the federal district court[1] granted the defendants' motion to dismiss the case. Thao-Xiong appeals, and we affirm.

Thao-Xiong executed a promissory note for $179,200 in June 2006 to American Mortgage, who secured the note with an adjustable rate mortgage on her Hennepin County home and designated Mortgage Electronic Registration Systems, Inc. (MERS) as its nominee. Thao-Xiong defaulted on her mortgage sometime after the interest rate reset in July 2009. The assistant secretary of MERS, Brittney Jones, acting on behalf of American Mortgage, assigned the mortgage to CitiMortgage on January 9, 2012, though the assignment was not recorded until January 20. A notice of pendency to foreclose the mortgage was executed by Brian Liebo of the Usset law firm on behalf of CitiMortgage on January 17, notarized on January 19, and recorded on January 20. Beginning on January 21 and running for six weeks, CitiMortgage published notice of a March 15 mortgage foreclosure sale. On February 7, CitiMortgage served Thao-Xiong with notices of foreclosure, help for homeowners in foreclosure, and redemption rights. A power of attorney was then filed on February 14 authorizing Liebo and Usset to foreclose on behalf of CitiMortgage, and a sheriff's sale was held on April 26 after publication of a notice of postponement. The sheriff's certificate of sale indicates that CitiMortgage purchased the home with a bid of just over $81,000.

On December 21, 2012, Thao-Xiong filed this action in state court to invalidate the foreclosure and sale, seeking a determination of adverse claims under the Minnesota quiet title statute, and asserting claims of negligence per se and slander of title. The defendants removed the case to federal district court on February 13, 2013

---

[1]The Honorable Michael J. Davis, Chief Judge of the United States District Court for the District of Minnesota, adopting the report and recommendation of the Honorable Tony N. Leung, United States Magistrate Judge for the District of Minnesota.

and filed a motion to dismiss on grounds that the facts asserted in the complaint were too speculative to support the claims. After denying Thao-Xiong's motion to remand to state court on grounds the law firm was fraudulently joined, the district court granted the defendants' motion to dismiss all claims. The district court determined that Thao-Xiong could not bring a quiet title claim because she was in default on her mortgage and therefore lacked "clean hands." It also determined that the facts asserted in her complaint were "too speculative" to support her claims. Thao-Xiong appeals only the dismissal of her quiet title claim.

A grant of a motion to dismiss is reviewed de novo, with the facts alleged in the complaint being taken as true. Badrawi v. Wells Fargo Home Mortg., Inc., 718 F.3d 756, 758 (8th Cir. 2013). In order to survive a motion to dismiss, a complaint must state "'enough facts to state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Pleadings must contain sufficient factual content to "'allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "Legally insufficient conjecture and 'labels and conclusions,'" do not suffice to state a claim. Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 547 (8th Cir. 2013) (quoting Twombly, 550 U.S. at 555). Federal courts applying state law under diversity jurisdiction "apply federal pleading standards . . . to the state substantive law to determine if a complaint makes out a claim under state law," Karnatcheva, 704 F.3d at 548, and they are bound to follow the law as articulated by the state's highest court. Badrawi, 718 F.3d at 758.

Thao-Xiong first argues that the district court erred by imposing on her the burden of showing that CitiMortgage's interest in her home is invalid. She claims that Minnesota law only requires her to plead possession of the property and CitiMortgage's adverse interest in it. The burden at the pleading stage of a case is on the plaintiff to state facts which "state a claim to relief that is plausible on its face,'" Twombly, 550 U.S. at 570. In Karnatcheva, we determined that a claim under

Minnesota's quiet title statute—to which we apply federal pleading standards—requires facts showing the adverse claim is invalid. 704 F.3d at 548.

Thao-Xiong alternatively argues that CitiMortgage's interest in her home is invalid because it failed to comply strictly with several of the requirements in the Minnesota statute for foreclosure by advertisement. She asserts that strict compliance with all sections of the statute is required under the Minnesota Supreme Court decision in Ruiz v. 1st Fidelity Loan Servicing, 829 N.W.2d 53 (Minn. 2013). We note however that Ruiz held only that Minn. Stat. § 580.02(3) strictly "requires all assignments of the mortgage to be recorded before the mortgagee has the right to engage in the process of foreclosure by advertisement." Ruiz, 829 N.W.2d at 57 (emphasis in original). The state supreme court specifically declined to address whether strict compliance with other sections of the statute is also necessary. Id. at 59.

For the purposes of this appeal, we assume without deciding that the defendants were required to comply strictly with all of the statutes Thao-Xiong cites.[2] Thao-Xiong asserts the existence of several technical defects in the filings leading to her foreclosure. Some of these defects she asserts for the first time on appeal. Her complaint first alleged "upon information and belief" that Jones lacked authority to assign the mortgage on behalf of MERS and American Mortgage. She now contends that Jones was an employee of CitiMortgage at the time of the assignment rather than the assistant secretary of MERS as the assignment document states. Thao-Xiong argues that the mortgage assignment thus is void, since CitiMortgage could not assign

---

[2]Thao-Xiong maintains that we misstated Minnesota law on this point in Badrawi v. Wells Fargo Mortg., Inc., 718 F.3d 756, 759 (8th Cir. 2013). Badrawi considered the Minnesota Court of Appeals decision in Ruiz; which was decided before the subsequent Minnesota Supreme Court decision. We concluded in Badrawi that strict compliance with Minn. Stat. § 580.032(3) was not required in homeowner suits challenging foreclosures. Id.

itself a mortgage it did not own. Even considering Thao-Xiong's new allegations, she supplies no evidence contradicting the face of the mortgage assignment itself, which plainly indicates Jones' position at MERS. We therefore conclude that Thao-Xiong has asserted only "insufficient conjecture" and "labels and conclusions" to support this claim. See Karnatcheva, 704 F.3d at 547.

Thao-Xiong also asserts that Brian Liebo lacked recorded power of attorney when he executed the notice of pendency on behalf of CitiMortgage and that this lack invalidates the foreclosure. However, the relevant statute only requires that an entity seeking foreclosure by advertisement "record a notice of the pendency of the foreclosure . . . before the first date of publication of the foreclosure notice." Minn. Stat. § 580.032(3). It does not require that notice be recorded by someone holding recorded power of attorney. Liebo recorded a notice of pendency on behalf of CitiMortgage on January 20, a day before the notice of the mortgage foreclosure was first published. The record thus shows that CitiMortgage complied with the requirements of § 580.032(3).

Thao-Xiong also challenges the validity of the power of attorney used to execute the mortgage foreclosure because it was recorded after the first publication of notice of the sale. However, Minn. Stat. § 580.05 states that an attorney employed to conduct a foreclosure "shall appear by power of attorney executed . . . and recorded prior to the sale," not prior to the publication of notice. Liebo recorded a power of attorney on February 14, more than two months before the April 26 sale. Thao-Xiong now claims for the first time on appeal that the power of attorney filed in this case violates Minn. Stat. § 582.25(1)(v), a statute of repose. Since Thao-Xiong failed to raise this issue in the district court, we cannot reverse the judgment on that basis. See Campbell v. Davol, Inc., 620 F.3d 887, 891 (8th Cir. 2010). Finally, Thao-Xiong concedes in her reply a claim which she raises for the first time in her brief and which is plainly contradicted by the record: that CitiMortgage published the notice of sale for only one week, in violation of Minn. Stat. § 580.03.

Because Thao-Xiong fails to assert sufficient facts to support her claims, the district court did not err in denying them, and we need not address whether it erred in also determining they were barred by Thao-Xiong's "unclean hands."

The judgment of the district court is affirmed.

_____