# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-1607
_____

Ronald Corbett

*Plaintiff - Appellant*

v.

Bank of America, N.A., doing business as NationsBank, N.A., and all other persons, unknown claiming any right, title, estate, interest, or lien in the real estate described in the complaint herein

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: August 18, 2014
Filed: September 23, 2014
[Unpublished]

_____

Before MURPHY, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

In 1999 the appellant executed and delivered to the appellee a promissory note and mortgage covering the appellant's home in Ramsey County, Minnesota. The appellee subsequently instituted non-judicial foreclosure proceedings which resulted in a sheriff's sale of the home. In an amended complaint filed in Minnesota state

court, appellant challenged the non-judicial foreclosure sale of his home asserting defects and deficiencies in the assignment of the mortgage and in the foreclosure proceedings and seeking (1) a determination of adverse claims under Minn. Stat. § 559.01; (2) a declaratory judgment under Minn. Stat. § 555.01 declaring the non-judicial foreclosure sale void; and (3) damages for slander of title. After the action was removed to federal court, the district court[1] entered an order granting the appellee's motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Appellant appeals.

"We review the grant of a motion to dismiss de novo and construe all reasonable inferences in favor of the nonmoving party." Mountain Home Flight Serv., Inc., v. Baxter Cnty., Ark., 758 F.3d 1038, 1042 (8th Cir. 2014). After de novo review we conclude that the district court correctly determined that the amended complaint contains only formulaic recitations of the causes of actions described and fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Karnatcheva v. JPMorgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir.) (dismissal proper where complaint contains only speculative labels and conclusions asserting that assignments were invalid), cert. denied, 134 S. Ct. 72 (2013). Further, we agree that amending the complaint would be futile and find no abuse of discretion in the district court's dismissal of the amended complaint with prejudice. See Pet Quarters, Inc. v. Depository Trust & Clearing Corp., 559 F.3d 772, 782 (8th Cir. 2009) (court need not allow amendment of a complaint if amendment would be futile); Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 755 (8th Cir. 2006) (denial of leave to amend is reviewed for abuse of discretion). Accordingly, we affirm. See 8th Cir. R. 47B.

———————————————————

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota, adopting the report and recommendations of the Honorable Janie S. Mayeron, United States Magistrate Judge for the District of Minnesota.