# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-2841

_____

Irene A. Rogers,

*Plaintiff - Appellant*,

v.

Bank of America, N.A. as successor by merger to Countrywide Home Loans, Inc.,
and Countrywide Home Loans Servicing, LP; Bank of New York Mellon formerly
known as the Bank of New York as Trustee for the Certificateholders CWABS,
Inc., Asset-backed Certificates, Series 2005-4; Bank of New York Mellon Trust
Company N.A. formerly known as Bank of New York Trust Company N.A. as
Co-Trustee for Certificateholders CWABS, Inc., Asset-based Certificates, 2005-4;
Mortgage Electronic Registration Systems, Inc.; John and Jane Does 1-10,

*Defendants - Appellees.*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: March 9, 2015
Filed: June 1, 2015

_____

Before WOLLMAN, BEAM, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

Bank of New York Mellon, formerly known as Bank of New York, foreclosed on Irene Rogers's home on behalf of a mortgage trust. Rogers sued several parties in the district court, seeking a declaratory judgment that the foreclosure was invalid. She claimed that the assignment of her mortgage to the trust violated a Pooling and Servicing Agreement governing the trust, and that the foreclosure violated certain statutory requirements. The district court[1] granted the defendants' motion to dismiss, holding Rogers did not have standing to challenge the foreclosure on the ground that the defendants violated an agreement to which Rogers was not party. Applying our decision in *Karnatcheva v. JPMorgan Chase Bank, N.A.*, 704 F.3d 545 (8th Cir. 2013), we affirm.

Rogers and her late husband refinanced an existing mortgage on their home in Minnesota in 2005. The mortgage was executed in favor of Countrywide Home Loans, Inc., and it listed Mortgage Electronic Registration Systems (MERS) as the mortgagee. In June 2008, MERS transferred its interest in the mortgage to a securitized mortgage trust by assigning the mortgage to Bank of New York as Trustee for the Certificateholders CWABS, Inc. Asset-backed Certificates, Series 2005-4 (Bank of New York). In October 2011, MERS again executed a purported assignment of the mortgage to Bank of New York, which was then known as Bank of New York Mellon.

Bank of New York was party to a Pooling and Servicing Agreement between various entities; Rogers and her husband were not parties. According to Rogers's complaint, the Pooling and Servicing Agreement governed the mortgage trust and required "that all mortgages to be included in the corpus of the Mortgage Trust were to be transferred into the Mortgage Trust between June 1, 2005 and August 8, 2005."

---

[1]The Honorable Susan Richard Nelson, United States District Judge for the District of Minnesota.

In 2012, Bank of New York commenced foreclosure proceedings on Rogers's house, and subsequently purchased the house at a sheriff's sale.

Rogers sued multiple parties, seeking a declaratory judgment that the foreclosure was void. As relevant here, she alleged that the mortgage assignments from MERS to Bank of New York in 2008 and 2011 violated the terms of the Pooling and Servicing Agreement, because the agreement required that all assignments to the Trust be made between June and August 2005. Rogers also sought a declaration that the foreclosure was invalid because it violated statutory requirements in Minn. Stat. §§ 580.02, 580.04 and 580.11. The district court granted defendants' motion to dismiss all claims. Relying on this court's decision in *Karnatcheva*, the court ruled Rogers did not have standing to challenge whether the mortgage assignments conformed to the Pooling and Servicing Agreement because she was not party to that agreement. The court dismissed Rogers's claims for declaratory judgment under Minn. Stat. §§ 580.02 and 580.11 for the same reason.

Rogers appeals the district court's determination that she lacked standing, but we conclude that her claim is foreclosed by the reasoning of *Karnatcheva*. In that case, mortgagors in Minnesota sought to invalidate foreclosures that allegedly violated the terms of an agreement governing the mortgage trust to which their mortgages were assigned. This court held that the mortgagors did not have standing to bring such a challenge because they were not parties to the trust agreement. 704 F.3d at 547. Rogers, like the plaintiff in *Karnatcheva*, seeks to invalidate the foreclosure on the basis of a violation of a trust agreement to which she was not a party. The district court correctly determined that she lacked standing.

Rogers complains that the district court's decision "abrogates Minnesota foreclosure law" by allowing a foreclosing party to avoid strict compliance with statutory requirements. But the district court's order, like *Karnatcheva*, addresses

-3-

only *who* may seek a declaratory judgment; it does not conflict with Minnesota foreclosure law that would apply if a proper party brought the action.

Rogers argues that the district court should have applied New York law, rather than Minnesota law, because the Pooling and Servicing Agreement contained a choice-of-law provision stating New York law should govern. *Karnatcheva* did not specify whether its conclusion about "standing" was based on federal law and Article III of the Constitution, *see Rajamin v. Deutsche Bank Nat. Trust Co.*, 757 F.3d 79, 85-87 (2d Cir. 2014), or Minnesota common law. *Cf. Dauenhauer v. Bank of N.Y. Mellon*, 562 F. App'x 473, 480 (6th Cir. 2014) (applying state contract law); *Farkas v. GMAC Mortg.*, L.L.C., 737 F.3d 338, 342 (5th Cir. 2013) (per curiam) (applying Texas law). But even assuming that New York law governs the standing analysis, there is no material difference between Minnesota law and New York law that would distinguish *Karnatcheva*. Courts applying New York law have dismissed similar claims brought by mortgagors in Rogers's position for lack of standing. *See Rajamin*, 757 F.3d at 86-90; *Wells Fargo Bank, N.A. v. Erobobo*, No. 2013-06986, 31648/09, 2015 WL 1915161, at *2 (N.Y. App. Div. Apr. 29, 2015) (Erobobo, as a mortgagor whose loan is owned by a trust, does not have standing to challenge the plaintiff's possession or status as assignee of the note and mortgage based on purported noncompliance with certain provisions of the [pooling and servicing agreement].").

The judgment of the district court is affirmed.

_____

-4-